IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN DEVINE *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH EDISON COMPANY *et al.*, | ) | |
| | ) | |
| Defendants. | ) | Civil Action Nos.: 06 C 2383 & 06 C 2384 |
| | ) | |
| MICHAEL D. SHECK *et al.*, | ) | Suzanne B. Conlon, Judge |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH EDISON COMPANY *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION AND ORDER**

Two groups of homeowners from Will County, Illinois[1] sued Commonwealth Edison Company, Exelon Generation Company, LLC (d/b/a Exelon Nuclear), and Exelon Corporation for alleged tritium spills from a nuclear power plant owned and operated by defendants. Plaintiffs filed

---

[1] One group consists of plaintiffs in *Devine et al. v. Commonwealth Edison Co. et al.*, No. 06 C 2383: Martin Devine, Susan Devine, Jay Faletti, Steven Flynn, Walter Hess, Alycia Hess, Bernadine Hess, Robert Jones, Three B Investors, Kenneth Kapke, Susan Kapke, James Mikel, Sr., Doris Mikel, Philip Milburn, Susan Ourado, Robert Scamen, Nancy Scamen, Mary Williams, Kenneth Banderman, and Charles E. Wren.

Another group consists of plaintiffs in *Sheck et al. v. Commonwealth Edison Co. et al.*, No. 06 C 2384: Michael D. Sheck, Wendy Sheck, James Annis, Christine Annis, Dwayne Bawcum, Vincent Desalvo, Judith Desalvo, Harold Gonis, Kathleen Gonis, Lowell Lide, Gerry Sikic, Vivian Fisher, Thomas Zimmer, Judith Zimmer, and John Zubik.

two separate cases in the Circuit Court of Will County; upon defendants' motion, the two cases were removed to this court. Plaintiffs in each case filed an amended complaint. *Devine*, No. 06 C 2383, Dkt. No. 27 (May 30, 2006); *Sheck*, No. 06 C 2384, Dkt. No. 23 (June 1, 2006). Except for plaintiffs' names and addresses, the amended complaints in *Devine* and *Sheck* are identical. Defendants move to dismiss the amended complaints in both cases. The motions to dismiss raise identical issues and are therefore consolidated for consideration. For the reasons set forth below, the motions are granted in part and denied in part.

## BACKGROUND

The following facts are derived from the amended complaints in *Devine* and *Sheck*. These two cases arise from alleged tritium spills from the Braidwood Generating Station, located in Braceville, Will County, Illinois. Am. Compls. at ¶¶ 8, 18. An underground pipe, known as the "blowdown line," stretches from the plant to the nearby Kankakee River. *Id.* at ¶ 17. The blowdown line runs approximately four and one half miles long and adjacent to private and public properties. *Id.* Eleven vacuum breakers are placed along the blowdown line to prevent formation of vacuum inside the pipe. *Id.* at ¶ 21. Through the blowdown line, the plant is authorized to discharge tritiated water into the Kankakee River. *Id.* at ¶ 19. The plant is not authorized, however, to release tritiated water to nearby properties because human exposure to tritium may cause cancer. *See id.* at ¶¶ 11-13.

On at least 22 occasions since 1996, millions of gallons of tritiated water were allegedly spilled along the blowdown line, contaminating nearby properties. *Id.* at ¶¶ 23, 30, 32. According to the amended complaints, malfunctioning vacuum breakers caused these spills. *Id.* at ¶ 18. A spill in 1998 allegedly formed a tritium plume in the groundwater of the plant. *Id.* at ¶ 32. Through a surface pond, this plume allegedly extended to the groundwater under nearby properties. *Id.* To

2

prevent further spills, defendants allegedly ceased using the blowdown line and instead, stored tritiated water in 13 tanks located in a bermed area at the plant. *Id.* at ¶ 39. A portion of the berm, however, collapsed in March 2006, allegedly causing another tritium spill. *Id.* at ¶ 41. Defendants allegedly failed to clean up these spills. *Id.* at ¶¶ 34-35, 43-44.

Through air and groundwater, the spills allegedly emitted radioactive particles onto plaintiffs' properties. *E.g., id.* at ¶¶ 51-53, 66. Plaintiffs allege that the emissions not only caused property damage and interfered with their rights of use and enjoyment, but also attached a stigma to their properties. *Id.* at ¶¶ 48, 53, 68. In addition, they allegedly incurred costs in cleaning up the contamination. *E.g., id.* at ¶¶ 54, 59. Alleging the contamination violated federal and state regulations, *id.* at ¶ 69, they assert four common law claims – nuisance (Count I), negligence (Count II), strict liability (Count III), and trespass (Count IV) – and three statutory claims under the Illinois Environmental Protection Act ("IEPA"), 415 ILL. COMP. STAT. 5/12 *et seq.* (Count IV),[2] the Illinois Water Pollutant Discharge Act ("IWPDA"), 415 ILL. COMP. STAT. 25/0.01 *et seq.* (Count VI), and the Illinois Groundwater Protection Act ("IGPA"), 415 ILL. COMP. STAT. 55/1 *et seq.* (Count VII). They seek monetary damages and injunctive relief, including establishment of remedial plans for their properties. *E.g.,* Am. Compls. at ¶¶ 58-59.

---

[2] In an apparent typographic error, plaintiffs labeled their fifth count as a second "Count IV" following "Count IV (Trespass)." *See* Am. Compls. at ¶¶ 65-72.

## DISCUSSION

### I. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint, and dismissal is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). On a motion to dismiss, all well-pleaded allegations are accepted as true and all reasonable inferences are drawn in favor of the nonmoving party. *Cler*, 423 F.3d at 729. To survive a motion to dismiss, a complaint "need not plead particular legal theories or particular facts." *DeWalt*, 224 F.3d at 612. All that is required is a short and plain statement giving defendants fair notice of the nature and basis of the claim. *Id.*

### II. Sufficiency of the Amended Complaints

#### A. Applicable Standard of Care

Defendants argue the amended complaints are defective because they fail to allege any violations of federal regulations. This argument lacks a factual basis because the amended complaints clearly allege defendants "violated federal and state regulatory standards." Am. Compls. at ¶ 69. Relying on *Varnagis v. City of Chicago*, however, defendants assert that because plaintiffs fail to cite 10 C.F.R. § 20.1301, their allegation of regulatory violations is too vague to meet the notice pleading standard. No. 96 C 6304, 1997 WL 361150 (N.D. Ill. June 20, 1997) (Andersen, J.). In *Varnagis*, unsuccessful job applicants sued the City of Chicago, alleging the city "conducted psychological examinations of [them] in violation of state and local law." *Id.* at *2. Their claim was dismissed for failure to give notice of the grounds for relief. *Id.* at *8. *Varnagis* is distinguishable because here, plaintiffs clearly allege defendants' liability arises from the Price-Anderson Act, 42

4

U.S.C. § 2210 *et seq.* Am. Compls. at ¶ 2. Contrary to defendants' assertion, plaintiffs need not identify the specific regulations underlying the alleged violations. *Johnson v. Wattenbarger*, 361 F.3d 991, 994 (7th Cir. 2004) ("the federal rules do not require plaintiffs to plead ... law"); *see also Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992) (a conclusory complaint does not require automatic dismissal). Because plaintiffs allege that the tritium spills violated federal regulations, Am. Compls. at ¶ 69, they could prove a set of facts, consistent with the amended complaints, that entitles them to prevail. *Cler*, 423 F.3d at 729. Accordingly, the amended complaints give defendants sufficient notice of plaintiffs' claims to withstand a motion to dismiss. *Id.*

The parties devote considerable portions of their briefs to disputing whether 10 C.F.R. § 20.1301 defines the standard of care. This issue, however, cannot be resolved at the pleading stage. *See O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1103 (7th Cir. 1994) (determining the appropriate standard of care on summary judgment); *see also Carey v. Kerr-McGee Chem. Corp.*, 60 F. Supp. 2d 800, 807-08 (N.D. Ill. 1999) (Gettleman, J.) (same). Defendants assert plaintiffs effectively disclaim any violations of 10 C.F.R. § 20.1301 by arguing the section is inapplicable. This assertion confuses legal arguments with pleadings. As a general rule, only pleadings may be considered on a Rule 12(b)(6) motion. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Arguments in plaintiffs' brief fall outside the pleadings, *see* Fed. R. Civ. P. 7(a), and therefore do not form a basis for dismissal. *Cf. Kennedy v. Venrock Assocs.*, 348 F.3d 584, 592-93 (7th Cir. 2003) (plaintiffs may not defend against dismissal by asserting facts outside their complaint). Because nowhere in the amended complaints do plaintiffs disclaim violations of federal regulations, defendants' assertion of a disclaimer based on plaintiffs' brief is without merit.

Arguing for dismissal, defendants rely on three distinguishable cases:[3] *Hand v. Cargill Fertilizer, Inc.*, No. 05-12353, 157 Fed. Appx. 230 (11th Cir. Dec. 6, 2005), *Acuna v. Brown & Root Inc.*, 200 F.3d 335 (5th Cir. 2000), *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305 (11th Cir. 1998). *Hand* and *Roberts* were dismissed because plaintiffs failed to allege they were "exposed to radiation in excess of the dosage levels set by federal regulation." *Hand*, 157 Fed. Appx. at 233; *Roberts*, 146 F.3d at 1308 (same). In contrast, the amended complaints here allege violations of federal regulations. Am. Compls. at ¶ 69. Thus, *Hand* and *Roberts* are inapplicable. *Acuna* is inapposite because in that case, the complaint was dismissed based on plaintiffs' failure to comply with pretrial orders. *Acuna*, 200 F.3d at 338. *Acuna* progressed past the pleading stage and therefore lends no support to defendants.

## B.  State Statutory Claims

Defendants correctly argue that plaintiffs' state statutory claims are preempted because they require application of state law. *See* Am. Compls. at ¶¶ 72-90. Under the Price-Anderson Act, "the substantive rules for decision in [these cases] shall be derived from [Illinois] law . . . unless such law is inconsistent with" federal law. 42 U.S.C. § 2014(hh). In a public liability action, "Illinois [courts] would use . . . federal safety regulations as the applicable standard of care." *O'Conner*, 13 F.3d at 1105. Based on Price-Anderson Act's legislative scheme, federal regulations provide the "sole measure" of defendants' duty:

---

[3] Defendants also cite *Finestone v. Florida Power & Light Co.*, 319 F. Supp. 2d 1347 (S.D. Fla. 2004) (Cohn, J.), and *Whiting v. Boston Edison Co.*, 891 F. Supp. 12 (D. Mass. 1995) (Stearns, J.). But neither *Finestone* nor *Whiting* addresses a motion to dismiss. *Finestone*, 319 F. Supp. 2d at 1348 (motion for determination of standard of care); *Whiting*, 891 F. Supp. at 13 (motion *in limine*). Thus, defendants' reliance on these cases is misplaced.

> [T]he field of nuclear safety has been occupied by federal regulation; there is no room for state law. Consequently, "states are preempted from imposing a non-federal duty in tort, because any state duty would infringe upon pervasive federal safety regulations in the field of nuclear safety, and thus would conflict with federal law."

*Id.* (quoting *In re TMI Litig.*, 940 F.2d 832, 859 (3d Cir. 1991)). In light of *O'Conner*'s broad mandate, to entertain plaintiffs' state statutory claims would impose a non-federal duty upon defendants. Thus, the state statutory claims must be dismissed. *Id.* ("application of [state] regulations as a standard of care is inconsistent with the Price-Anderson scheme").

Plaintiffs argue *O'Conner* is inapplicable because they seek property damages, rather than recovery for personal injuries. But they fail to support their argument with any case law. In fact, this court has applied *O'Conner* to claims involving property damage. *Carey*, 60 F. Supp. 2d at 807 ("plaintiffs [claiming property damage] must establish a violation of federal standards"); *accord Nieman v. NLO, Inc.*, 108 F.3d 1546, 1553 (6th Cir. 1997) ("the Price-Anderson Act preempts . . . state law claims [for property damage]"); *In re TMI Litig.*, 940 F.2d at 859 (same). Because plaintiffs offer no basis for the court to depart from *O'Conner*, their state statutory claims must be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, the motions to dismiss the amended complaints in *Devine* and *Sheck* are granted in part and denied in part. In both cases, plaintiffs' claims under the IEPA (Count IV), the IWPDA (Count VI), and the IGPA (Count VII) are dismissed.

ENTER:

Suzanne B. Conlon
United States District Judge

July 19, 2006